1
2
3
4                              UNITED STATES DISTRICT COURT
5                            NORTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| MICHAEL JOSEPH CURNOW,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Case No. 5:11-cv-02589-PSG<br><br>**ORDER GRANTING-IN-PART MOTION FOR FEES**<br><br>**(Re: Docket No. 43)** |

Plaintiff Michael J. Curnow moves for attorney's fees and expenses under the Equal Access to Justice Act. Defendant Commissioner of the Social Security Administration opposes granting any fees, and alternatively requests specific reductions for unnecessarily incurred hours. Because Curnow is the prevailing party in this case, but some of the hours he requests were unnecessary, his motion is GRANTED-IN-PART.

**I.**

Curnow first applied for disability insurance benefits in 2008.[1] His application was denied on initial review and then by an ALJ.[2] The Appeals Council denied review, and so Curnow appealed the ALJ's decision to this court.[3]

While the appeal was pending, Curnow filed a subsequent application for disability

---

[1] *See* Docket No. 9 at 1.

[2] *See id.* at 2.

[3] *See id.*

Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

1

benefits, and a second ALJ awarded benefits.[4]  The second decision set Curnow's onset date as February 2, 2010, one day after the date of the first decision.[5]  Based on that fact, the court found that *Luna v. Astrue*[6] governed, denied the parties' cross-motions for summary judgment and remanded the case under sentence six of 42 U.S.C. § 405(g) for further consideration of the two ALJ decisions.[7]

The Commissioner then moved to alter judgment under Fed. R. Civ. P. 59(e), arguing that the court committed "clear error" by remanding even though Curnow had not filed a copy of the second ALJ decision with the court.[8]  The Commissioner also argued that *Luna* was distinguishable "in several key respects" and so the second ALJ decision was not new or material evidence requiring a remand for reconsideration of the first ALJ decision.[9]  According to the Commissioner, the court should have instead applied *Bruton v. Massanari*,[10] which held that where a second, favorable decision considers "different medical evidence, a different time period, and a different age classification," the second decision is reconcilable and not material evidence to the first decision, making remand unnecessary.[11]

After reviewing the second ALJ decision, the court found that both ALJs considered some of the same medical evidence that predated the first ALJ decision, and yet came to opposite findings on Curnow's disability status.[12]  The court affirmed that *Luna* controlled and that remand

---

[4] *See* Docket No. 15 at 1.

[5] *See* Docket No. 17 at 8.

[6] 623 F.3d 1032 (9th Cir. 2010).

[7] *Id.* at 9-10.

[8] *See* Docket No. 19 at 1-2.

[9] *See id.* at 2-6.

[10] 268 F.3d 824 (9th Cir. 2001).

[11] *Id.* at 827; *see* Docket No. 19 at 4.

[12] *See* Docket No. 22 at 10-11 ("The court is unclear how to reconcile the first ALJ's finding that

2
Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

1   was appropriate, but modified its previous order to require the parties to file joint status reports
2   and the Commissioner to file the appropriate papers once the SSA proceedings finished.[13]
3   On remand, the ALJ denied benefits and the parties stipulated to reopen this case.[14]
4   Curnow moved for summary judgment and the parties then stipulated to remand.[15]  The
5   Commissioner did not move for summary judgment.
6   Curnow now moves for $17,923 in attorney's fees and $350 in expenses under the Equal
7   Access to Justice Act[16] and also requests that payment be made directly to his counsel.[17]  The
8   Commissioner argues that the ALJ's decision was substantially justified and so Curnow is not
9   entitled to fees, or alternatively that certain hours should be denied as unreasonable, and that fees
10  should be paid directly to Curnow.[18]

## II.

This court has jurisdiction under 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[19]

The EAJA states, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases

---

the July 2009 hospital visit and Dykstra's report did not support a disability finding up through February 1, 2010 with the second ALJ's finding that the same evidence supported a finding of disability on February 2, 2010.").

[13] *See* Docket No. 22 at 11, 13.

[14] *See* Docket Nos. 32-3, 31.

[15] *See* Docket Nos. 34, 38.

[16] *See* Docket No. 47 at 8; Docket No. 43 at 5.

[17] *See* Docket No. 43 at 5.

[18] *See* Docket no. 46 at 6-9.

[19] *See* Docket Nos. 4, 12.

United States District Court
Northern District of California

sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

For determining the amount of a reasonable fee, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[20] "[C]ourts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'"[21] But such calculation should exclude hours that are "excessive, redundant, or otherwise unnecessary."[22]

### III.

Applying the standards above, the court GRANTS-IN-PART Curnow's motion for fees and costs.

***First***, Curnow was the prevailing party. The parties stipulated to remand "pursuant to sentence four of 42 U.S.C. § 405(G),"[23] and "[a]n applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits."[24]

***Second***, the Commissioner's position was not substantially justified at each stage of the proceedings. Under the EAJA, the court shall award fees and expenses to a prevailing party "unless the court finds that the position of the United States was substantially justified."[25] This

---

[20] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[21] *Costa*, 690 F.3d at 1135-36 (*quoting Moreno*, 534 F.3d at 1112).

[22] *Hensley v. Eckerhart*, 461 U.S. at 434 (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority")).

[23] Docket No. 38.

[24] *Flores v. Shalala*, 49, F.3d at 568 (*citing Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)); *see also Shalala v. Schaefer*, 509 U.S. at 300 (stating that a sentence-four remand "terminates the litigation with victory for the plaintiff").

[25] 28 U.S.C. § 2412(d)(1)(A).

4
Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

requires the government's position to have "'a reasonable basis in law and fact'" at "'each stage of the proceedings.'"[26]

The government's position was not substantially justified during at least two stages of the proceedings in this case: its motion to alter judgment and the ALJ's decision on remand.  First, in the motion to alter judgment, the Commissioner argued that the court erred by remanding even though Curnow had not submitted a copy of the second ALJ decision, and that *Bruton*, not *Luna*, governed this case.[27]  But *Luna* clearly matched the facts of this case more closely than *Bruton*, because both decisions considered evidence from the same time period predating the first ALJ decision and yet came to different conclusions regarding Curnow's disability.[28]  The second ALJ decision also considered medical evidence from after the first ALJ decision, but "the second ALJ nevertheless set the onset disability date as February 2, 2010 – one day after the first ALJ's decision and pre-dating any of the new evidence – and appears to have relied on at least some overlapping evidence to support that onset date."[29]

The ALJ's decision on remand also was not substantially justified.  The court remanded "for further consideration of the two [ALJ] decisions" because the second ALJ decision was material new evidence.[30]  There is no indication in the third ALJ decision, however, that on remand the ALJ considered the second decision as material new evidence: the third decision does not refer to the second decision at all, and it is not listed as an exhibit to the third decision.[31]  Indeed, the parties stipulated that on the second remand, the Appeals Council would instruct the

---

[26] *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)).

[27] *See* Docket No. 19 at 2-6.

[28] *See* Docket No. 22 at 10.

[29] *Id.*

[30] Docket No. 17 at 9-10.

[31] *See* Docket No. 32-3 at 487-508.

5
Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

1   ALJ to "expressly reconcile the outcomes of Plaintiff's current and subsequent applications,
2   explaining why Plaintiff is or is not disabled prior to February 2, 2010," confirming that the ALJ
3   did not consider the second decision during the first remand.[32]  The Commissioner argues that the
4   ALJ lacked authority to "reconsider" the second ALJ decision, but that misconstrues the court's
5   order.[33]  The court did not order the ALJ to reconsider the merits of the second ALJ decision, but
6   to consider that favorable decision as a piece of material new evidence in evaluating Curnow's
7   application for benefits, consistent with the Ninth Circuit's precedent in *Luna*.[34]

    ***Third***, some reductions in Curnow's attorney's fees are appropriate.  For determining the
    amount of a reasonable fee, "[t]he most useful starting point . . . is the number of hours reasonably
    expended on the litigation multiplied by a reasonable hourly rate."[35]  "[C]ourts should generally
    defer to the 'winning lawyer's professional judgment as to how much time he was required to
    spend on the case.'"[36]  But such calculation should exclude hours that are "excessive, redundant,
    or otherwise unnecessary."[37]

    Curnow requests attorney's fees as follows[38]:

---

[32] Docket No. 37 at 1-2; *see* Docket No. 38.

[33] Docket No. 46 at 6.

[34] *See* Docket No. 17 at 9-10.

[35] *Hensley v. Eckerhart*, 461 U.S. at 433.

[36] *Costa*, 690 F.3d at 1135-36 (*quoting Moreno*, 534 F.3d at 1112).

[37] *Hensley v. Eckerhart*, 461 U.S. at 434 (*citing Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority")).

[38] *See* Docket No. 43 at 5-8; Docket No. 47 at 7.

| Hours | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|
| Attorney Writing Tasks | 8.1 | 8.3 | - | - | 48.1 | 6.5 |
| Attorney Tasks | - | - | - | - | 6.9 | - |
| Other Attorney Tasks | 3.5 | 0.5 | 0.2 | 2.4 | 7.1[39] | - |
|  | 11.6 | 8.8 | 0.2 | 2.4 | 62.1 | 6.5 |
| Hourly Rates | 180.59 | 184.32 | 186.55 | 190.06 | 189.68 | 189.68 |
| Total ($) | 2,094.84 | 1,622.02 | 37.31 | 456.14 | 11,779.13 | 1,232.92 |

This amounts to a total request of $17,222.36.

The Commissioner contests certain hours as unreasonable:

- First motion for summary judgment: the Commissioner argues that since the first remand was granted on the basis of the second ALJ decision, fees should be denied for the 17.2 hours spent on Curnow's first motion for summary judgment.[40]

- Failure to prosecute: Curnow delayed several months in filing his second motion for summary judgment, leading the Commissioner to believe that Curnow no longer wished to proceed with his case.[41] The Commissioner argues that four hours spent meeting and conferring on this issue should be denied, because they would not have been necessary but for Curnow's "failure to act in a timely manner."[42]

- Second motion for summary judgment: the Commissioner argues that all post-remand writing hours are unreasonable, because the key issue is that the ALJ failed to comply with the court's remand order, making Curnow's other arguments unnecessary; Curnow had previously briefed this case in 2012 and reviewed it in 2014; and

---

[39] Curnow requests 11.3 hours of Other Non-Writing Attorney Tasks in 2015 at the hourly rate of $189.68. *See* Docket No. 43 at 8. The hourly figure is incorrect, however, as the underlying records reflect only 7.1 hours of Other Non-Writing Attorney Task work in 2015. *See id.*

[40] *See* Docket No. 46 at 8.

[41] *See* Docket Nos. 31 (granting stipulation to reopen case after remand, Mar. 24, 2015), 34 (Curnow's second motion for summary judgment, Sept. 15, 2015).

[42] *Id.*

7
Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

Curnow's counsel unnecessarily filed a copy of the third ALJ decision on ECF.[43]

The court must consider the "results obtained" in adjusting the lodestar, and in particular, whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded and whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for the fee award.[44] As to the second question, "a district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'"[45] Here, Curnow obtained the relief he sought—remand—on his sole claim. Even if the remand based on the second ALJ decision rather than Curnow's motion for summary judgment, the court cannot say that Curnow failed to prevail on his single claim and that reducing the hours for the first motion for summary judgment is appropriate.

The court next finds that a reduction of 2.8 hours spent meeting and conferring regarding Curnow's intent to dismiss or prosecute the case is appropriate. These hours would not have been necessary but for Curnow's delay in moving for summary judgment, and Curnow did not object to this reduction.[46] The Commissioner requests four hours, but the court finds only 2.8 hours that were spent on this work.[47] These hours were billed in 2015, and at the hourly rate of $189.68, this is a reduction of $531.10.

---

[43] *See id.* at 8-9.

[44] *Hensley v. Eckerhart*, 461 U.S. at 434 ("When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained").

[45] *Id.* at 436 (explaining that "[i]f the plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation times a reasonable hourly rate may be [excessive] … even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith").

[46] *See* Docket No. 47.

[47] *See* Docket No. 43 at 8 (recording 0.5 hours emailing "arc donna Anderson re dismissal" and 2.3 hours spent "respond[ing] to ogc re intentions to prosecute").

1    The court then finds that a reduction of $95, or 0.5 hours, for unnecessarily filing a copy of

2 the third ALJ decision is appropriate, because Curnow consents.[48]  The court finds that no other

3 reduction is appropriate for post-remand briefing.  While 42.3 hours for researching and writing a

4 single motion for summary judgment might appear excessive, Curnow has shown that in addition

5 to briefing the perceived errors in the third ALJ decision, this motion required considering the

6 prior ALJ decisions and this court's earlier orders, making it more complicated than the average

7 Social Security motion for summary judgment.  Moreover, although Curnow's remand was on the

8 basis of one of several arguments he made, he still obtained the relief he sought on his sole claim.

9    After reductions, Curnow is awarded attorney's fees of $16,596.26 and expenses of $350

10 for the filing fee.[49]

11    ***Fourth***, the fees shall be paid to Curnow, not his counsel, unless Curnow files proof of

12 assignment with the court by Friday, April 8, 2016.  Curnow states that he assigned his EAJA fees

13 to his counsel and that he has sent the Commissioner a copy of the assignment agreement, and so

14 he requests that fees be paid directly to his counsel.[50]  The Commissioner meanwhile argues that

15 there is no evidence of the assignment before this court and that furthermore, the government must

16 consider whether the fees are subject to offset before they can be transferred to Curnow's

17 counsel.[51]

18    An EAJA fee award is payable to the litigant and not the attorney unless the litigant does

19 not owe a debt to the government and assigns the right to receive fees to the attorney.[52]  Courts in

20 this district have held that if a party assigns EAJA fees, the Commissioner may pay the assignee

---

[48] *See* Docket No. 47 at 7.

[49] Fee Requested ($17,222.36.) – Reductions ($531.10 + $95) = Total Fees ($16,596.26).

[50] *See* Docket No. 47 at 7.

[51] *See* Docket No. 46 at 9.

[52] 28 U.S.C. § 2421(d)(1)(A); *Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010).

9
Case No. 5:11-cv-02589-PSG
ORDER GRANTING-IN-PART MOTION FOR FEES

directly, subject to any debt offset.[53]  In light of that precedent, and because the court lacks proof of a valid assignment, the fees and expenses shall be paid directly to Curnow, subject to any debt offset, unless Curnow files proof of assignment with the court by Friday, April 8, 2016.  If Curnow timely files proof of assignment, the fees and expenses shall be paid to his attorney, subject to any debt offset.

**SO ORDERED.**

Dated: April 4, 2016

                                                PAUL S. GREWAL
                                                United States Magistrate Judge

---

[53] *See, e.g.*, *Neilsen v. Colvin*, Case No. 13-cv-01737-NJV, 2014 WL 1921317 at *3-4 (N.D. Cal. May 13, 2014); *Metters v. Astrue*, Case No. C10-02532 HRL, 2013 WL 140051, at *4 (N.D. Cal. Jan. 10, 2013); *Coffey v. Astrue*, Case No. C 11-01380 LB, 2013 WL 120030, at *6 (N.D. Cal. Jan. 8, 2013);